UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN MARKUN,

       Plaintiff,

v.

STRYKER EMPLOYMENT
COMPANY, LLC

       Defendant/Counter-
       Plaintiff,

STEPHEN MARKUN and
MEDTRONIC, INC.,

       Counter-Defendants.

Case No:  8:24-cv-1474-JLB-LSG

_____/

## **ORDER**

The Magistrate Judge has entered an Order (Doc. 109), awarding Defendant/Counter-Plaintiff Stryker Employment Company, LLC's ("Stryker") request under Rule 37(a)(5)(A) for reasonable attorney's fees.  (Doc. 80 at 23–24, Doc. 81 at 14–16).  Plaintiff/Counter-Defendant Stephen Markun timely objected (Doc. 123), and Defendant/Counter-Plaintiff responded.  (Doc. 127).  Upon careful review, the Court **AFFIRMS** the Magistrate Judge's Order.

## **BACKGROUND**

In June 2024, Stephen Markun, a male employee, filed suit in this Court against his employer, Stryker Employment Company, LLC, seeking judgment against Stryker for violations of Title VII of the Civil Rights Act of 1964.  (*See* Doc.

1).  Mr. Markun brought the action in federal court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (*Id.* at ¶ 5).  The parties are currently in discovery.  (Doc. 128).

On November 20, 2025, Stryker moved to compel the production of documents responsive to its first and second requests for production (Doc. 80) and to obtain better responses to its first set of interrogatories and requests for admission.  (Doc. 81).  Stryker requested an award of reasonable expenses.  (Doc. 80 at 23–24, Doc. 81 at 14–16).  Mr. Markun responded in opposition.  (Docs. 85–86).  The Magistrate Judge issued an Order recommending that Stryker be awarded reasonable expenses.  (Doc. 109).  Mr. Markun timely objected (Doc. 123), and Stryker responded.  (Doc. 127).

## LEGAL STANDARD

A district court reviews a magistrate judge's ruling on non-dispositive matters under a clearly erroneous standard of review.  28 U.S.C. § 636(b)(1)(A).  The district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "Pretrial orders of a magistrate under [§] 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under [§] 636(b)(1)(B)." *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. Unit A June 1981).

**DISCUSSION**

After a review of the Order, the Court finds that there was no clear error or gross misapplication of law.

Markun first argues that he was "substantially justified" in not timely providing cell phone records or an authorization for the release of those records because there were "ongoing meet-and-confer efforts to define scope, privacy safeguards, and production protocol for sensitive personal ESI." (Doc. 123 at 5). Federal Rule of Civil Procedure 37(a)(5)(A) states:

> A. If the motion [to compel disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>   i.   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   ii.  the opposing party's nondisclosure, response, or objection was substantially justified; or
>   iii. other circumstances make an award of expenses unjust.

The party being sanctioned must show that the failure to respond to discovery requests was substantially justified if it is to avoid attorney's fees. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993). For a nondisclosure or a failure to respond to be substantially justified, a court must find that "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997). This Court "review[s] for an abuse of discretion the finding of the magistrate . . . that

there was no substantial justification for the conduct for which the court ordered sanctions." *Devaney*, 989 F.2d at 1162–63 ("We are instructed to examine whether that finding is fully supported by the record and to find clear error only if we are left with the definite and firm conviction that a mistake has been committed." (internal quotation marks and citations omitted)).

Here, Stryker moved to compel discovery after it attempted in good faith to obtain the discovery without court intervention. (Doc. 109 at 3–4). The Magistrate Judge issued an Order (Doc. 92) granting the Motions to Compel (Docs. 80–81).

For a request for production of cell phone records, the Order established that Mr. Markun had to produce all non-privileged and responsive documents within his "possession, custody, or control" "relevant to any party's claim or defense," no later than January 5, 2026. (Doc. 92). Yet, in response to Stryker's second request for production, Mr. Markun still had not produced responsive documents as of January 5, 2026. (Doc. 109 at 4). Mr. Markun belatedly provided his cell phone records for that request via a screen recording on January 12, 2026. (*Id.*). Video production of cell phone records is not a form in which cell phone messages are "ordinarily maintained" nor is it a "reasonably usable form" of production, in contravention of Rule 34's requirements for electronically stored information. Fed. R. Civ. P. 34(b)(2)(E)(ii). Reasonable minds could not differ as to the appropriateness of the late production of ESI that is not compliant with Rule 34. Thus, Mr. Markun's untimely, deficient response to Stryker's second request for production consequently fails to be substantially justified.

Additionally, Mr. Markun argues that he complied with Stryker's requests for admission and interrogatories. (Doc. 123 at 7–8). This failed to be the case. (Doc. 109 at 5). Mr. Markun responded to requests for admission in a manner that was neither fair nor in good faith. *See* Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). In response to a request for admission about his eligibility to receive a stock option, Mr. Markun simply responded by offering up a dispute over a common word, "eligibility." (Doc. 109 at 5). And Mr. Markun's responses to several interrogatories were insufficient (*id.* at 6), as they merely referred Stryker to initial disclosures he made under Rule 26(a). *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). Thus, Mr. Markun was also not substantially justified in his failure to provide substantive responses to Stryker's requests for admission and interrogatories.

Lastly, Mr. Markun argues that the "other circumstances" exception should apply. (Doc. 123 at 8). Mr. Markun asserts that the volume and burden of iterative protocol development for personal device ESI in the court-managed process dictate that a fee award would be unjust. (*See id.*). Given that Mr. Markun has not previously sought protection under Rule 26(c) from an oppressive discovery burden in this case, the Magistrate Judge found this argument unavailing. (Doc. 109 at 6–

7).  This Court agrees and sees no abuse of discretion or clear error of law to disturb this finding.

Accordingly, it is **ORDERED** that:

1.   Plaintiff/Counter-Defendant's Objection to the Magistrate's Order (Doc. 123) is **OVERRULED**, and

2.   The Magistrate's Order (Doc. 109) is **AFFIRMED**.

**ORDERED** in Tampa, Florida, on May 7, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE