# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

STEPHEN MARKUN,

      Plaintiff

v.

STRYKER EMPLOYMENT
COMPANY, LLC,

      Defendant/Counter-
      Plaintiff

  v.

STEPHEN MARKUN and
MEDTRONIC, INC.,

  Counter-Defendants.

**CASE NO: 8:24-CV-1474-JLB-LSG**

### COUNTER-DEFENDANT MEDTRONIC, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF STRYKER EMPLOYMENT COMPANY, LLC'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING STRYKER'S MOTION TO COMPEL DISCOVERY FROM MEDTRONIC, INC. (DOC. 145)

Counter-Defendant Medtronic, Inc. ("Medtronic") respectfully submits this response in opposition to Defendant/Counter-Plaintiff Stryker Employment Company, LLC's ("Stryker") Objection (the "Objection") to Magistrate Judge Lindsay Saxe Griffin's May 4, 2026, Order Denying Stryker's Motion to Compel Discovery from Medtronic (the "Order"). (Doc. 145).

## I.    INTRODUCTION

The Court should overrule Stryker's Objection for the simple reason that Stryker fails to argue—let alone demonstrate—that the Order is clearly erroneous or contrary to law under Federal Rule of Civil Procedure 72(a).

Stryker's Objection, like its Motion to Compel, also fails to cite legal authority to support *any* of its positions—an independent basis to overrule the Objection. Moreover, Magistrate Judge Saxe Griffin denied Stryker's Motion in part because Stryker lacked diligence in obtaining its requested discovery. Stryker does not challenge—and therefore concedes—this independent basis for denying its Motion.

In any event, Stryker's Objection is rife with misrepresentations regarding the course and scope of discovery. Contrary to Stryker's framing, the Objection is not "limited." If sustained, it would require production of highly sensitive, confidential Medtronic sales data covering an additional ten months beyond the

2

period the parties agreed was discoverable — information that is irrelevant to this case, as Magistrate Judge Saxe Griffin recognized.

Stryker also misrepresents that the "Order did not reach" its requested relief: "discovery from Medtronic concerning overlapping customers and accounts through June 2025." That is false. The Order explicitly denied the entirety of Stryker's requested relief. The Motion sought "territory-wide account and revenue data for all customers in Markun's assigned territory, as well as pre- and post-hire data needed to measure baseline performance, competitive impact, and damages." (Doc. No. 133 at 4.) The Order denied *in its entirety* the relief Stryker now seeks for a second time, recognizing the requested relief is disproportionate and irrelevant. Stryker cannot now object to the Order by re-packaging its Motion's request as seeking a narrower category of information and alleging that Magistrate Judge Saxe Griffin failed to specifically address that sub-category (which Stryker, itself, neglected to do). Stryker cannot use Rule 72(a) to obtain a "second bite at the apple" by narrowing its failed request after the fact.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 72(a), a movant cannot prevail on an objection to a non-dispositive order unless it establishes the order is "clearly erroneous or contrary to law." *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F.Supp.2d 1366, 1372 (M.D. Fla. 2011). Clear error is a highly deferential standard rarely met.

3

*See NAACP v. State of Florida*, 122 F.Supp.2d 1335, 1337 (M.D. Fla. 2000) ("[T]he standard for overturning a Magistrate Judge's Order is a very difficult one to meet."); *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 n.92 (11th Cir. 2015) ("To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must...strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." (quotation and citation omitted)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). As shown below, Stryker fails to identify any factual or legal error in the Order, let alone a clear one.

### a. Stryker Fails to Argue the Order is Clearly Erroneous or Contrary to Law and Misrepresents that the Order Did Not Address its Requested Relief.

Stryker's Objection fails because it does not, and cannot, meet the Rule 72(a) standard. Stryker *does not* argue the Order is clearly erroneous or contrary to law.

Instead, Stryker argues that "The Order Did Not Address Overlapping Customer Discovery Through June 2025." (Doc. No. 152 at 4). But even Stryker acknowledges the applicable standard is "highly deferential" (*Id.* at 3.) A party cannot satisfy that standard by arguing the Magistrate Judge failed to address a sub-argument the party itself buried within a sweeping, unsupported motion. And even if this statement were true (it is not), it is not a proper basis to sustain

the Objection. The standard under Rule 72(a) is not whether the Court failed to address a request that Stryker *did not* identify in its Motion. *See Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM-38CM, 2016 WL 153126, at *2 (M.D. Fla. Jan. 13, 2016) ("[The movant] must show how [the Judge's] analysis was clearly erroneous, not respond to an argument that [the Judge] did not rely upon in the Order."). The standard is whether the Order was clearly erroneous or contrary to law, and Stryker alleges neither, meaning its Objection fails. *See id.* (noting that Rule 72 "does not...allow a party to obtain a second opinion on its motion without providing a reasonable basis for doing so"); *Anoushfar v. Lexington Ins. Co.*, 2025 WL 1158658, at *1 (M.D. Fla. Apr. 21, 2025) (overruling objection where movant "barely discuss[ed] the Order at all" and did "not identify any portion of the Order that [was] erroneous").

Even setting aside this threshold failure, the Order addressed and rejected Stryker's entire category of requested relief. The Motion sought "territory-wide account and revenue data for all customers in Markun's assigned territory, as well as pre- and post-hire data" (Doc. No. 133 at 4)—a sweeping request encompassing the relief now sought by Stryker's Objection. Rule 72 is not a tool for Stryker to get a second bite at the apple. *See Travelers Indem. Co. of Conn.*, 2016 WL 153126, at *2; *Kimberly Regenesis, LLC v. Lee Cnty.*, 2021 WL 5028204, at *2 (M.D. Fla. Oct. 29, 2021) ("Rule 72 does not exist for a party to rehash failed arguments.").

To the extent Stryker concedes it failed in its Motion to specifically identify the relief requested in its Objection, two consequences follow. First, the discovery cutoff has passed, and the request is untimely. *See Prudential Ins. Co. of Am. v. Gardina*, No. 6:23-cv-1125-JSS-DCI, 2024 WL 3377800, at *1 (M.D. Fla. July 11, 2024) (holding motion to compel filed after discovery deadline was "due to be denied as untimely" as the Court "expects the parties to address discovery disputes promptly, which means before the discovery deadline passes"). Second, a party may not raise new arguments in an objection that were not presented to the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

### b.  Stryker Fails to Cite Authority to Support Its Objection.

The Order denied Stryker's Motion because Stryker's discovery analysis under Rule 26(b)(1) "skipped past the pleadings and the law and, in doing so, laid no foundation for the requested relief." (Doc. No. 145 at 6.) Despite this admonition, Stryker inexplicably fails to cite any authority in its Objection. There is not a single citation to authority in Stryker's substantive argument section. (Doc. No. 152 at 4–7 (Section IV).)

Such failure to cite authority constitutes grounds for this Court to overrule Stryker's Objection. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th

6

Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, 570 F.Supp.3d 1252, 1272 (S.D. Fla. 2021) (rejecting "skeletal" argument that left "the court to put flesh on its bones" (quotation and citation omitted)).

### c. The Requested Information Is Not Discoverable Under Federal Rule of Civil Procedure 26(b)(1).

As Magistrate Judge Saxe Griffin recognized, the Objection's requested relief is not discoverable under Rule 26(b)(1). (Doc. No. 145 at 8 ("Medtronic rightly provided a narrower production of responsive information tailored to the issues at stake in this case.").) Stryker attempts to rehash in its Objection the arguments already rejected in the Order.

### i. Stryker Cannot Seek Information Based on the Tolling Provision.

Stryker argues that the tolling provision in Section 8.1(b) of the 2013 Agreement is a "contractual" term, "not an equitable doctrine." (Doc. No. 152 at 4–5.) This recharacterization is legally immaterial. Whether the provision is labeled "contractual" or "equitable," the threshold question under Rule 26(b)(1) remains the same: is the discovery relevant to a *pleaded* claim or defense? Stryker cites no authority for the proposition that a contractual extension provision entitles a party to discovery where that party failed to plead the theory in its operative counterclaims. The Court should disregard it. *See N.L.R.B.*, 138 F.3d at 1422.

7

Stryker cannot seek discovery based on the tolling provision because it did not plead that any alleged breach triggered that provision. (Doc. No. 055.) Not having pleaded this theory, Stryker cannot use it to expand discovery. *See* Fed. R. Civ. P. 8(a)(2); *Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir. 1982) ("[A] judgment may not be based on issues not presented in the pleadings").

Stryker's operative counterclaims (Doc. No. 055) do not allege that any breach triggered Section 8.1(b), does not identify any extended restrictive period, and does not allege that any conduct after June 29, 2024 constituted a breach. Discovery must be "relevant to any party's claim or defense" as *pleaded*. Fed. R. Civ. P. 26(b)(1). Stryker's belated invocation of Section 8.1(b) in a motion to compel cannot create a discovery obligation that finds no basis in the operative pleading.

To the extent Stryker takes issue with Magistrate Judge Saxe Griffin's conclusion that disgorgement and unjust enrichment are unavailable on contract-based claims, a party cannot seek equitable remedies where legal relief is potentially available. (Doc. No. 145 at 6); *see Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1245 (11th Cir. 2009).

### ii. The Discovery Sought Is Neither Narrow Nor Proportional.

Stryker claims (without citing authority) that its requested relief "goes to the heart of Sections 6.2 and 6.3 [of the 2013 Agreement]." (Doc. No. 152 at 5.) It then concedes that Magistrate Judge Saxe Griffin *denied* its requested relief but asks the

8

Court to reconsider as to a narrower subcategory of information. (*Id.* at 5–6.) The Order, however, recognized that all of Stryker's requested relief seeks information disproportionate, irrelevant, and "outside the confines of Rule 26(b)(1)" "in a case involving a single employee's alleged breach of a restrictive covenant." (Doc. No. 145 at 8); *see Kimberly Regenesis, LLC*, 2021 WL 5028204, at *2.

Stryker's effort to portray its request as "narrow" and "proportional" is belied by the record. Stryker asks for information about all "overlapping customers and accounts" for a ten-month period beyond what the parties agreed was discoverable. (*See* Doc. No. 143-7.) Stryker does not identify a single specific customer it believes was solicited during this period, nor does it explain why the extensive data Medtronic has already produced is insufficient. (Doc. No. 143 at 7–8, 13–14.) Stryker's request is merely its original "territory-wide" demand repackaged with a slightly shorter temporal window.

Pursuant to (1) the employment agreements—which limit Markun's non-compete to conflicting products, Stryker customers, and the one-year period following his Stryker employment; (2) Stryker's pleadings—which do not plead claims based on non-Stryker customers or the tolling provision; and (3) the parties' agreement—which limited discovery to Stryker customers and information up to August 29, 2024 (Doc. No. 143 at 4–9), Stryker cannot obtain information on non-Stryker customers or after August 29, 2024. *See Washington v. Brown & Williamson*

*Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case.").

### iii. The Order Addressed, and Rejected, Stryker's Entitlement to the Requested Discovery Under Its Contract Claims.

Stryker mischaracterizes the Order in claiming it failed to address "[w]hether overlapping-customer information through June 2025 bears on the pleaded breach claims." (Doc. No. 152 at 6.) The Order explicitly rejected this argument: "to require disclosure of this volume of sensitive information in a case involving a single employee's alleged *breach of a restrictive covenant* is outside the confines of Rule 26(b)(1)." (Doc. No. 145 at 8.) This holding encompasses the subset of information Stryker now seeks.

Stryker otherwise ignores that Magistrate Judge Saxe Griffin denied its Motion in part because of Stryker's lack of diligence. (*Id.* at 9–11.) This basis applies equally to its Objection. *See Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, No. 8:16-cv-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017). Stryker concedes it does seek to "disturb the Order's proportionality, timing, or diligence findings as to the broader requests." (Doc. No. 152 at 3.) But those findings are not severable from the "overlapping customer" subset. The Magistrate Judge found Stryker "delayed Medtronic's Rule 30(b)(6) deposition until the day before the fifth and final discovery deadline" and left "no room for either an adequate, good faith discussion with opposing counsel

or a thorough review" of Medtronic's responses. (Doc. No. 145 at 9–10.) These findings apply with equal force to the overlapping-customer discovery, which was never separately identified or discussed during the parties' meet-and-confers.

### iv.  Stryker's Motion Cannot "Preserve" Its Tolling Argument.

Stryker states it "reserved its position that the operative restrictive period extends further under Section 8.1(b)," citing its Motion. (Doc. No. 152 at 7.) But a party cannot "preserve" an argument for Rule 72(a) objection by citing a single sentence in a failed motion. Arguments not developed before the Magistrate Judge are forfeited. *See Williams*, 557 F.3d at 1292. Moreover, Stryker waived this theory by failing to plead it in its Counterclaims. *See Sievers v. Wheeler*, No. 3:26-cv-58-MMH-LLL, 2026 WL 628292, slip op. at *3 (M.D. Fla. Mar. 6, 2026). Stryker cites no "continuing-breach theory" pleaded in its Counterclaims. (Doc. No. 55.) Nor does it cite authority supporting its position that it may invoke the tolling provision by citing it in its Motion, so this argument is unpersuasive.

## III.  CONCLUSION

Medtronic respectfully requests that the Court overrule Stryker's Objection to Magistrate Judge Saxe Griffin's Order Denying its Motion to Compel.

11

Dated: June 1, 2026

Respectfully submitted,

*/s/ Jade B. Jorgenson*

Sarah A. Horstmann (*pro hac vice*)
Jade B. Jorgenson (*pro hac vice*)
Melissa R. Stumbras (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
shorstmann@fredlaw.com
jjorgenson@fredlaw.com
mstumbras@fredlaw.com

E-Filed by:

*/s/ Tyler A. Sims*

Tyler A. Sims (Fla. Bar No. 1048908)
**LITTLER MENDELSON, P.C.**
111 North Orange Avenue, Suite 1750
Orlando, FL 32801.2366
Tel:     407.393.2900
Fax:     407.393.2929
tsims@littler.com

*Attorneys for Counter-Defendant Medtronic, Inc. and Counter-Defendant Stephen Markun*

12

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this 1st day of June, 2026, a true and correct copy of

the foregoing was filed using the Middle District of Florida's CM/ECF system,

through which this document is available for viewing and downloading, causing

a notice of electronic filing to be served upon all counsel of record.

*/s/ Tyler A. Sims*
Tyler A. Sims
