UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN MARKUN,

     Plaintiff/Counter-Defendant,

v.                                Case No. 8:24-cv-1474-JLB-LSG

STRYKER EMPLOYMENT
COMPANY, LLC,

     Defendant/Third-Party Plaintiff/Counter-Plaintiff,

v.

MEDTRONIC, INC.

     Third-Party Defendant/Counter-Defendant.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT/COUNTER-PLAINTIFF STRYKER EMPLOYMENT COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff Stephen Markun ("Markun"), by and through undersigned counsel, and pursuant to Middle District of Florida Local Rule 3.01, respectfully moves this Honorable Court to extend the time for him to respond to the Defendant/Counter-Plaintiff Stryker Employment Company, LLC's Motion for Summary Judgment and Incorporated Memorandum of Law ("Memorandum")(Doc. 154),[1] by seven days, up to and including July 14, 2026, or to a date thereafter, as may be deemed appropriate by the Court, in support thereof stating:

---

[1] While styled as a "motion," the Memorandum does not fit the definition of a "motion" within the meaning of Middle District of Florida Local Rule 3.01(b)("A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise

ThorpeLaw, P.A.
Page **1** of **5**

1.      On or about June 16, 2026, Defendant/Counter-Plaintiff Stryker Employment Company, LLC ("Stryker") filed its Memorandum.  (Doc. 154.)

2.      The dispositive motion deadline is July 13, 2026. (Doc. 131.)

3.      As of the date of this filing, Stryker has not filed a dispositive motion as to its counterclaims or toward Third-Party Defendant/Counter-Defendant Medtronic, Inc. ("Medtronic").

4.      Likewise, Medtronic has not filed a dispositive motion as to claims Stryker made towards it.

5.      With the deadline for a response to the Memorandum being July 7, 2026, Stryker would gain an unfair advantage in preparing its dispositive motion(s) as to its claims, to the extent an additional motion would be proper.  M.D. Fla. Loc. R. 3.01(d).

6.      With the dispositive motion deadline being July 13, 2026, responses to a dispositive motion filed on that date would not have been due until August 3, 2026.

7.      Therefore, permitting Markun the extension sought herein would not cause a delay in proceedings.

8.      Furthermore, in anticipation of dispositive motions being filed on the deadline, the undersigned planned a medical procedure the week of June 29, 2026; additionally, the early filing of the Memorandum caused the response deadline to encompass two federal holidays (Juneteenth and the Fourth of July as observed on

---

relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.")  The Memorandum lacks a "WHEREFORE" clause or what would otherwise conventionally be set forth as "a concise statement of the precise relief requested."

July 3, 2026).

9.      These intervening events effectively reduced the period for drafting a response by approximately four days, including the time that was taken for the pre-planned medical procedure of counsel.

10.      This is the first Motion for an extension directed towards the Memorandum, and Stryker is unlikely to suffer any discernable prejudice by permitting Markun an extension up to and including July 14, 2026 to respond to the pending Memorandum.

11.      By contrast, requiring Markun to respond to the Memorandum without the extension would not only give Stryker the unfair advantage of advanced notice of Markun's arguments as it prepares additional dispositive motion(s), to the extent permitted, but would penalize Markun with a *de facto* shortened timeframe for preparing a response due to the intervening holidays and counsel's medical procedure.

WHEREFORE Markun respectfully moves this Honorable Court to grant this Motion and extend the deadline for him to respond to the Memorandum by seven days, up to and including July 14, 2026, or to a further date, as may be deemed proper by the Court.

## Certificate of Compliance with Rule 3.01(g)

Pursuant to Middle District of Florida Local Rule 3.01(g), the Parties conferred in good faith concerning the relief requested herein. Stryker has represented that it objects to this request for an extension. While this extension does not directly affect Co-Counter-Defendant Medtronic, it has represented that it does not oppose the relief sought by Markun.

## MEMORANDUM OF LAW

As this Motion includes a request for an extension, the granting or denial of this Motion is within the sound discretion of the Court as the Court has the intrinsic authority to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Respectfully submitted this 7th day of July, 2026.

s/ Shaina Thorpe
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: shaina@thorpelaw.net
Secondary: admin@thorpelaw.net

**THORPELAW, P.A.**
100 S. Ashley Drive, Ste. 600
Tampa, Florida 33602
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Lead Counsel for Plaintiff Stephen Markun*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will automatically serve a notice of electronic filing on counsel for the Defendant/Counter-Plaintiff at Kelly A. Cohen (kcohen@seyfarth.com), Michele Beilke (mbeilke@seyfarth.com), Erin G. Jackson (ejackson@johnsonjackson.com), Meaghan Maus (mmaus@johnsonjackson.com) and for Co-Counter-Defendant at Sarah A. Horstmann (shorstmann@fredlaw.com), Jade B. Jorgenson (jjorgenson@fredlaw.com), and Bridget Hoffmann (bhoffmann@fredlaw.com), and Tyler Sims (tsims@littler.com).

/s/ Shaina Thorpe
Attorney

THORPELAW, P.A.
Page **5** of **5**