**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHEN MARKUN,

     Plaintiff

   v.

STRYKER EMPLOYMENT

COMPANY, LLC,

     Defendant/Counter-Plaintiff

   v.

STEPHEN MARKUN and

MEDTRONIC, INC.,

     Counter-Defendants.

**CASE NO: 8:24-CV-1474-JLB-LSG**

### DEFENDANT/COUNTER-PLAINTIFF STRYKER EMPLOYMENT COMPANY LLC'S ("STRYKER") RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO STRYKER'S MOTION FOR SUMMARY JUDGMENT

Defendant/Counter-Plaintiff Stryker Employment Company, LLC ("Stryker") opposes Plaintiff/Counter-Defendant's ("Plaintiff") Motion for Extension of Time (Doc. 155). Plaintiff has failed to establish good cause for the requested relief, and the requested extension would substantially prejudice Stryker while rewarding Plaintiff's lack of diligence.

### I.  PLAINTIFF CANNOT ESTABLISH GOOD CAUSE FOR THE REQUESTED EXTENSION

Plaintiff's Motion is notable for what it does not contain. Plaintiff does not cite

327017583v.1

Federal Rule of Civil Procedure 6(b), identify the governing legal standard, or otherwise attempt to demonstrate good cause for the requested extension. Instead, Plaintiff relies on the timing of Stryker's filing, intervening federal holidays, counsel's pre-planned medical procedure, and the unsupported assertion that Stryker would gain an "unfair advantage" if Plaintiff's response is due before any future dispositive motion is filed. None of those circumstances establishes good cause.

Rule 6(b) permits an extension only upon a showing of good cause. Good cause requires diligence. The Eleventh Circuit has held that the good-cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Moreover, where a party "was not diligent, the good cause inquiry should end." *Id.*

Even where a party seeks an extension under Rule 6(b), courts consider prejudice to the non-moving party, the reason for the delay, whether the delay was in the moving party's control, and whether the moving party acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

Here, each of those considerations weighs heavily against Plaintiff's request.

2

327017583v.1

## II.     PREJUDICE TO STRYKER IS REAL AND IMMEDIATE

Courts consider prejudice to the opposing party when evaluating requests for relief under Fed. R. Civ. P. 6(b). *Pioneer Investment Services Co.*, 507 U.S. at 395. Unlike Plaintiff's speculative concerns, the prejudice to Stryker is real and immediate.  Stryker strategically filed its Motion for Summary Judgment on June 16, 2026, nearly one month before the dispositive-motion deadline, specifically to avoid the burden and inefficiency associated with simultaneous dispositive-motion briefing.

Moreover, Stryker anticipates not only potential dispositive motion practice by Medtronic, but also potential *Daubert*- related motion practice. Stryker filed its Motion for Summary Judgment well before the dispositive-motion deadline specifically to avoid becoming encumbered by overlapping dispositive-motion and evidentiary briefing during the week of July 13, 2026. Plaintiff's requested extension would deprive Stryker of the benefit of that diligence.

Granting Plaintiff's requested extension would require Stryker to prepare and file its summary judgment reply while simultaneously addressing those additional substantive matters. The requested extension therefore creates the precise overlap and inefficiency that Stryker sought to avoid by filing its Motion early.

3

Granting the requested extension would effectively penalize Stryker for complying with the scheduling order and acting diligently. Any prejudice claimed by Plaintiff is self-created. The prejudice to Stryker, however, is concrete and substantial.

### III.    PLAINTIFF'S LACK OF DILIGENCE PRECLUDES A FINDING OF GOOD CAUSE

Stryker filed its Motion for Summary Judgment on June 16, 2026, nearly one month before the dispositive-motion deadline and in full compliance with the Court's scheduling order. Plaintiff therefore received the full response period contemplated by the Local Rules.

The circumstances on which Plaintiff relies were known weeks before the response deadline. Plaintiff's Motion primarily focuses on the timing of Stryker's filing, the existence of intervening holidays, and counsel's pre-planned medical procedure. Plaintiff admits that counsel's medical procedure was pre-planned. Yet counsel did not notify Stryker of any alleged scheduling conflict when the Motion for Summary Judgment was filed on June 16, 2026, nor did counsel seek relief from the Court at that time. Indeed, notwithstanding the planned procedure, counsel had nearly two weeks between the filing of Stryker's Motion and the procedure to prepare an opposition or seek an extension if one was truly necessary.

4

327017583v.1

The circumstances underlying Plaintiff's request were entirely within counsel's control. Plaintiff knew on June 16, 2026 that Stryker had filed its Motion for Summary Judgment. Plaintiff likewise knew of counsel's planned medical procedure and the existence of the Juneteenth and Independence Day holidays. Nevertheless, Plaintiff took no action for more than two weeks and waited until the response deadline itself to seek relief from the Court. This is precisely the type of self-created time pressure that does not constitute good cause.

The Eleventh Circuit has made clear that diligence is the touchstone of the good-cause inquiry. The good-cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Moreover, where a party "was not diligent, the good cause inquiry should end." *Id.* Here, Plaintiff knew of the filing of Stryker's Motion for Summary Judgment, knew of counsel's pre-planned medical procedure, and knew of the intervening holidays well before the response deadline. Yet Plaintiff waited until the eve of the deadline to raise the issue and until the day his response was due to seek relief. Under *Sosa*, such lack of diligence defeats any showing of good cause.

Instead, Plaintiff waited until July 3, 2026, the beginning of a holiday weekend, to first request Stryker's agreement to an extension.

5

327017583v.1

Stryker advised Plaintiff on July 6, 2026 that it opposed the requested extension. Despite knowing Stryker objected, Plaintiff still waited until July 7, 2026, the very day his response was due, to file the present Motion. Such eleventh-hour conduct demonstrates a lack of diligence, not good cause. *See Sosa*, 133 F.3d at 1418.

Put simply, Plaintiff knew of every circumstance underlying this request for weeks and nevertheless waited until the response deadline itself to seek Court intervention. Such dilatory conduct does not support a finding of good cause. Plaintiff cites no authority suggesting that a party forfeits the benefit of an early filing merely because the opposing party would have preferred to respond later.

### IV.   PLAINTIFF'S JULY 3 REQUEST OMITTED THE PRIMARY BASIS NOW ASSERTED FOR THE EXTENSION

The reason for the delay and whether the movant acted in good faith are relevant considerations when evaluating requests for relief from a deadline. *Pioneer Investment Services Co.*, 507 U.S. at 395. Plaintiff's own communications further undermine any showing of good cause. When Plaintiff first sought Stryker's consent on July 3, 2026, counsel wrote:

> I am writing to ask for your position on a motion for extension of time I'd like to file with respect to my response to Stryker's MSJ. With the holiday weekend coming up, I'd like to ask the Court for an extension to July 15, 2026 to respond. Would you consent to that motion?

(See Ex. 1.)

6

Notably, counsel made no mention whatsoever of the now-claimed medical procedure. Instead, counsel identified only the upcoming holiday weekend as the basis for the requested extension. Yet Plaintiff's Motion subsequently relies on counsel's medical procedure as a principal justification for extending the deadline.

If the medical procedure genuinely necessitated an extension, there is no apparent reason it would not have been disclosed when counsel first sought Stryker's consent. The omission is particularly significant because the procedure was admittedly planned in advance and therefore known to counsel when the July 3 request was made.

Plaintiff's changing rationale raises further undermines any showing of good cause. Rather, the record reflects that the grounds now offered in support of the Motion were either known but undisclosed or were not considered sufficiently significant to mention when Plaintiff first sought Stryker's consent. This inconsistency weighs against any finding of good cause and further demonstrates the lack of diligence underlying the present request.

## V. PLAINTIFF'S LAST-MINUTE REQUEST DEPRIVED THE PARTIES OF A MEANINGFUL RULE 3.01(g) CONFERENCE

Plaintiff's request should also be viewed in light of the manner in which the Rule 3.01(g) conferral occurred. Local Rule 3.01(g) requires a meaningful, good-faith

7

conference regarding the relief sought. The purpose of the rule is to encourage the resolution of disputes before motion practice becomes necessary.

Here, Plaintiff first raised the issue on July 3, 2026, at the outset of a holiday weekend, despite having known of both Stryker's Motion for Summary Judgment and counsel's purported scheduling conflict for weeks. Stryker advised Plaintiff on July 6, 2026 that it opposed the requested extension. Plaintiff then waited until July 7, 2026, the deadline for response itself, to file the Motion.

By waiting until the eve of the deadline to seek relief, Plaintiff left no meaningful opportunity for the parties to engage in a substantive discussion regarding the alleged need for an extension or to explore potential alternatives. *See Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-WOW-DCI, 2020 WL 9439380, at *2 (M.D. Fla. Feb. 26, 2020).

Under these circumstances, Plaintiff's eleventh-hour request is inconsistent with both the purpose and spirit of Local Rule 3.01(g).

## VI.    PLAINTIFF'S ASSERTED PREJUDICE IS SPECULATIVE AND ILLUSORY

Plaintiff's primary argument is that Stryker will obtain an "unfair advantage" if Plaintiff is required to respond to Stryker's Motion for Summary Judgment before Stryker files any future dispositive motion relating to its counterclaims. That contention is entirely speculative.

8

327017583v.1

The pending Motion for Summary Judgment concerns Plaintiff's claims for gender discrimination and retaliation. Any future dispositive motion directed at Stryker's counterclaims would address separate claims, distinct legal theories, different elements of proof, and different factual issues. Plaintiff offers no explanation as to how a response addressing his discrimination and retaliation claims would provide Stryker with any strategic advantage regarding unrelated counterclaims.

Nor does Plaintiff explain why Stryker should be deprived of the benefit of having timely filed its Motion for Summary Judgment nearly one month before the dispositive-motion deadline. The possibility that Plaintiff may prefer to respond after the filing of additional motions does not constitute prejudice. Plaintiff's asserted prejudice is therefore entirely speculative, while the prejudice to Stryker resulting from overlapping motion practice is real and immediate.

## VII.    THE INTERVENING HOLIDAYS DO NOT CONSTITUTE GOOD CAUSE

Nor do the intervening federal holidays establish good cause. Juneteenth and Independence Day were known and foreseeable dates throughout Plaintiff's response period. Plaintiff received the full response period provided by the Local Rules and had approximately three weeks to prepare an opposition. Plaintiff has

9

327017583v.1

not demonstrated why those holidays rendered compliance with the deadline impossible or impracticable.

Likewise, nothing prohibited Stryker from filing its Motion for Summary Judgment before the dispositive-motion deadline. Plaintiff cites no authority suggesting that a party forfeits the benefit of an early filing merely because the opposing party would have preferred to respond later. Having received the full response period contemplated by the Local Rules, Plaintiff cannot transform Stryker's diligence into grounds for extending an otherwise valid deadline.

On the contrary, Plaintiff's argument would effectively discourage parties from filing dispositive motions before the deadline established by the Court. Nothing in the Federal Rules, the Local Rules, or this Court's Scheduling Order supports such a result.

## VIII.  CONCLUSION

Plaintiff knew of Stryker's Motion for Summary Judgment on June 16, 2026, knew of counsel's planned medical procedure well before July 3, 2026, waited until the start of a holiday weekend to first seek Stryker's consent, and then waited until the day his response was due to seek relief from the Court. Under *Sosa*, such lack of diligence is fatal to a showing of good cause. *See Sosa*, 133 F.3d at 1418.

327017583v.1

Plaintiff's asserted prejudice is speculative, while the prejudice to Stryker is concrete and substantial. Because Plaintiff has failed to demonstrate good cause for the requested extension and because granting the requested relief would reward Plaintiff's lack of diligence while prejudicing Stryker, the Motion should be denied.

327017583v.1

DATED:  July 7, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Kelly A. Cohen*

Kelly A. Cohen, FL Bar No. 66182
kcohen@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Michele J. Beilke (*admitted pro hac vice*)
mbeilke@seyfarth.com
SEYFARTH SHAW LLP
601 South Figueroa Street, Ste. 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile:  (213) 270-9601

JOHNSON JACKSON PLLC

By: */s/ Erin G. Jackson*
Erin G. Jackson, FL Bar No. 413097
ejackson@johnsonjackson.com
Meaghan K. Maus. FL Bar No. 1006137
mmaus@johnsonjackson.com
JOHNSON JACKSON PLLC
100 N. Tampa St., Suite 1800
Tampa, FL 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
Attorneys for Defendant/Counter-Plaintiff
STRYKER EMPLOYMENT COMPANY,
LLC

12

327017583v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 7th day of July, 2026 a true and correct copy of the foregoing was filed using the Middle District of Florida's CM/ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Kelly A. Cohen*

13

327017583v.1